# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 2000 Session

## CHARJORAY P. WEIR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**No. 98-1597     J.O. Bond, Judge**

_____

### No. M2000-0459-CCA-R3-PC - Filed October 4, 2000

_____

The Defendant appeals as of right from the trial court's order dismissing his petition for post-conviction relief upon its finding that the petition was barred by the statute of limitations. We reverse the judgment of the trial court and remand the case for further proceedings.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Reversed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which Norma G. Ogle, J. , joined. JOE G. RILEY, J., not participating.

Charjoray Weir, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that on January 22, 1999, the Defendant was convicted, upon his plea of guilty, of second degree murder. He was sentenced to fifteen years in the Department of Correction. On January 6, 2000, the Defendant filed a petition for post-conviction relief. The petition for post-conviction relief alleges that the date of the judgment of conviction was January 24, 1998. The date which is typed on the judgment of conviction as the "Date of Entry of Judgment" is January 22, 1998.

It is clear from the record, however, that the date of the Defendant's conviction and sentence was January 22, 1999, rather than January 22, 1998. The record contains a copy of the indictment, which alleges that the homicide occurred on August 14, 1998. The record also contains a copy of the Defendant's request for acceptance of his guilty plea, which is dated January 15, 1999. The judgment of conviction reflects the offense date as August 14, 1998 and states that the Defendant's guilty plea, conviction and sentence all occurred on January 22, 1999. It thus appears that the "Date

of Entry of Judgment" shown on the judgment as January 22, 1998 was a typographical or clerical error.

From our review of the record, it appears that the Defendant was convicted on January 22, 1999. His petition for post-conviction relief, which was filed on January 6, 2000, was clearly filed within the one year allowed by the statute of limitations. <u>See</u> Tenn. Code Ann. § 40-30-202(a). On appeal, the State concedes that the trial court erred by summarily dismissing the petition based on the statute of limitations. We agree.

The judgment of the trial court dismissing the Defendant's petition for post-conviction relief based upon the application of the statute of limitations is reversed. This case is remanded for further proceedings.

_____
DAVID H. WELLES, JUDGE